UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN WAYNE WYLECZYK

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-121-BAJ-SCR

**<u>NOTICE</u>**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, February 11, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOHN WAYNE WYLECZYK

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NUMBER 13-121-BAJ-SCR

**MAGISTRATE JUDGE'S REPORT**

Plaintiff John Wayne Wyleczyk brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security ("Commissioner") that denied his claim for disability insurance benefits.

Based on the standard of judicial review under § 405(g), a careful review of the entire administrative record as a whole, and the analysis that follows, the Commissioner's decision should be reversed and the case remanded to the Commissioner for reevaluation.

**Standard of Review**

Under § 405(g), judicial review of a final decision of the Commissioner denying disability benefits is limited to two inquiries: (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the proper legal standards. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001); *Perez v.*

*Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995). Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion. It is more than a mere scintilla and less than a preponderance. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th

2

Cir. 1981); *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least 12 months that prevents the claimant from engaging in substantial gainful activity. 20 C.F.R. § 404.1505. The regulations require the ALJ to apply a five step sequential evaluation to each claim for benefits. 20 C.F.R. § 404.1520. In the five step sequence used to evaluate claims the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful activity; (2) the claimant has a severe impairment(s); (3) the impairment(s) meets or equals the severity of a listed impairment in Appendix 1 of the regulations; (4) the impairment(s) prevents the claimant from performing past relevant work; and, (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

At step three, listed impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect. Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results. For a claimant to show that his impairment matches a listed impairment he must demonstrate that it meets all of the medical criteria specified in the listing. An

3

impairment that exhibits only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. § 404.1525.

The burden of proving disability rests on the claimant through the first four steps. At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work. If the claimant shows at step four that he or she is no longer capable of performing past relevant work, the burden shifts to the Commissioner to show that the claimant is able to engage in some type of alternative work that exists in the national economy. *Myers*, supra. If the Commissioner meets this burden the claimant must then show that he or she cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

**Background and Claims of Error**

Plaintiff was 49 years old at the time of the administrative law judge's ("ALJ") decision.[1] Plaintiff graduated from high school, and his past relevant work consisted of employment as a mechanic/technician in the prep shop of a car dealership. In his application for disability benefits, the plaintiff alleged that he became disabled and no longer able to work as of March 1, 2005 because of chronic neck and back conditions resulting in pain,

---

[1] Plaintiff's age placed him in the category of a "younger person." 20 C.F.R. § 404.1563(c). At age 50 the plaintiff would be in the category of a person closely approaching advanced age. 20 C.F.R. § 404.1563(d).

4

numbness and weakness.  Plaintiff also alleged that he had a mental impairment - major depression.[2]

After his application was denied at the initial stages, the plaintiff requested an ALJ hearing after which the ALJ issued an unfavorable decision.  AR pp. 18-68.  The ALJ found at the second step that the plaintiff had the following severe impairments - status post cervical fusion, mild bilateral carpal tunnel syndrome, left L-4 radiculopathy, degenerative changes in the lumbar and thoracic spine.[3]  AR p. 20.  At the third step the ALJ concluded that the plaintiff's combination of severe impairments did not meet or medically equal the severity of any listed impairment, and specifically stated that the plaintiff did not meet or medically equal Listing 1.04.  AR p. 22.

The ALJ then evaluated the plaintiff's residual functional

---

[2] Plaintiff filed the application for benefits that is the subject of this appeal on December 27, 2010.  AR pp. 115-21.  At the time of the ALJ's decision on this application, the plaintiff had a civil action pending in this court on his appeal of an application filed in April 2006 in which the plaintiff was awarded a closed period of disability.  Civil Action Number 09-188-RET-SCR.  The Commissioner's final decision on the 2006 application was affirmed by the district court and the judgment became final.  *Id.*, Record document numbers 12 and 13.  Because the plaintiff's civil action on his first application was pending at the time of the ALJ decision in this case, plaintiff's claim for benefits in this application could only be adjudicated from April 16, 2010, which is the day after the date of the ALJ decision at issue in Civil Action Number 09-188-RET-SCR.  AR p. 18.

[3] The ALJ found that plaintiff's depression is not a severe impairment.  Plaintiff did not argue that there were any errors in this finding.

5

capacity ("RFC") to determine whether, despite his severe impairments, the plaintiff was able to do any of his past relevant work or other work in the national economy.[4] After consideration of the entire record, the ALJ found the plaintiff had the following RFC:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except sit for a total of 6 hours but never more than 1 hour at a time; stand/walk a total of 2 hours but needs a cane when walking; allowed to change positions at work from sitting to standing with no break in the work process. AR p. 22.

Given this RFC and based on the testimony of the vocational expert, the ALJ concluded that the plaintiff would not be able to perform his past relevant work as a car mechanic/technician. Considering the plaintiff's age, education, work experience and RFC, the ALJ again relied on the expert's testimony and found that the plaintiff would be able to make a successful adjustment to other work as a taxi cab starter, and this job existed in significant numbers in the national economy.[5] Therefore, the ALJ

---

[4] Residual functional capacity is a measure of a claimant's capacity to do physical and mental work activities on a regular and sustained basis. It is the foundation of the findings at steps four and five. 20 C.F.R. § 404.1545.

[5] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications. It does not matter whether work exists in the immediate area in which the claimant lives, a
(continued...)

determined at the fifth step that the plaintiff is not disabled.[6]

In his appeal memorandum the plaintiff argued the following administrative errors require reversal and remand under sentence four of § 405(g): (1) the ALJ's analysis and finding at step three is so inadequate and conclusory that reversal and remand is required for a thorough analysis of whether the objective evidence demonstrates that the plaintiff's spinal conditions satisfy Listing 1.04;[7] and, (2) the vocational testimony is so unreliable it fails to satisfy the Commissioner's burden at the fifth step to demonstrate that there is other work in the national economy that he is able to perform.

**Analysis**

Essentially for the reasons explained in the plaintiff's memoranda,[8] the claim of error raised by the plaintiff at the third

---

[5](...continued)
specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. §§ 404.1566(a).

[6] Plaintiff exhausted his administrative remedies before filing this action for judicial review. The ALJ's decision is the Commissioner's final decision for purposes of judicial review.

[7] Plaintiff contended this error is similar to the error that required reversal in *Audler v. Astrue*, 501 F.3d 446 (5th Cir. 2007).

[8] Record document number 10, Plaintiff's Memorandum in Support of Appeal, pp. 6-8; record document number 13, Plaintiff's Reply to the Defendant's Opposition Memorandum, pp. 2-4.

step has merit and requires reversal and remand under § 405(g). Review of the administrative record as a whole and the ALJ's decision shows that the plaintiff has pointed to objective evidence in the record from which it appears that the plaintiff could satisfy Listing 1.04A. Yet, the ALJ failed to discuss this evidence in her analysis at the third step. The ALJ was apparently cognizant of this evidence based on her statement that a "comparable review of the objective evidence with the Listing of Impairments" leads to the conclusion that the impairments are not severe enough to meet or medically equal a listed impairment. Nevertheless, her analysis at the third step is devoid of any discussion of the specific relevant evidence and the "comparable review" of it that was the basis for her conclusion. Finally, as explained in the plaintiff's memoranda, the ALJ's reference and reliance on the opinions of the state agency medical consultant does not obviate the deficiencies in the ALJ's analysis at step three.[9] The state agency medical consultant reviewed only that was available through the first part of 2011, and did not include any of the objective evidence relevant to the plaintiff's severe spinal impairments dated from June through August 2011.

In conclusion, the ALJ's analysis is so perfunctory and conclusory it is impossible to determine whether or not the ALJ's finding at this step is supported by substantial evidence. Because

---

[9] Record document number 13, p. 3.

the record contains objective evidence that could support a finding of disability at the third step, the ALJ's failure to provide an analysis and basis for her finding at this step is not harmless error.[10] Thus, the error warrants reversal of the ALJ's decision and a remand to the Commissioner for a thorough reevaluation of the plaintiff's claim that his severe impairments satisfy the criteria of Listing 1.04.

Plaintiff also asserted that the vocational testimony is so deficient it does not provide substantial evidence to support the ALJ's finding at the fifth step. To the extent the plaintiff argued the ALJ erred by not applying the standards of *Daubert v. Merril Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786 (1993), to her consideration of the vocational evidence presented at the hearing, that argument is without merit. Plaintiff cited no controlling or persuasive authority to support this argument. Moreover, *Daubert* applies to Rule 702, Fed.R.Evid., and the Federal Rules of Evidence do not apply in Social Security proceedings. See, *Gillespie v. Astrue*, 2014 WL 1168872 (W.D. La. March 21, 2014); *Brault v. Social Security Admin.,* 683 F.3d 443, 449-50 (2nd Cir. 2012).

---

[10] Procedural perfection in administrative proceedings is not required. A judgment will not be vacated unless the substantial rights of a party have been affected. Procedural improprieties constitute a basis for remand only if they would cast into doubt the existence of substantial evidence to support the ALJ's decision. *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988); *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir.1988).

9

To the extent the plaintiff argued that the vocational testimony is too vague and unreliable to meet the Commissioner's burden of showing that there is other substantial work in the national economy that the plaintiff can perform, the plaintiff may pursue any arguments related to this claim of error in the administrative proceedings on remand.

### RECOMMENDATION

It is the recommendation of the magistrate judge that, under sentence four of 42 U.S.C. § 405(g), the final decision of Carolyn W. Colvin, Acting Commissioner of Social Security, denying the application for benefits by plaintiff John Wayne Wyleczyk be reversed, and that this case be remanded to the Commissioner for reevaluation of the plaintiff's claim for disability income benefits.

Baton Rouge, Louisiana, February 11, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE